| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------X<br>SHAMEIK NIXON,<br>                                    Plaintiff, | 21-cv-05900-HG-RLM<br><br>**AMENDED COMPLAINT**<br>**JURY TRIAL DEMANDED** |

     -against-

POLICE OFFICER NOWAIZ RASOOL
SHIELD # 05482, OF THE 75 PRECINCT,
POLICE OFFICER OSCAR MANCILLA
SHIELD # 456 OF THE 75TH PRECINCT,
POLICE OFFICER ALEC SOLOMITO
SHIELD # 3561 OF THE 75TH PRECINCT,
POLICE OFFICER PHILLIP BILMES
OF THE 75th DETECTIVE SQUAD,
POLICE OFFICER ANTHONY WAITE
OF THE 67th DETECTIVE SQUAD,
POLICE OFFICER JOHN PLUMITALLO
SHIELD #16755 OF THE 75th PRECINCT,
POLICE OFFICER MATTHEW SALZMAN
SHIELD # 18666 OF THE 75th PRECINCT,
POLICE OFFICER VINCENT PELUSO
SHIELD # 6954 FORMERLY A POLICE OFFICER
OF THE 75th PRECINCT,
POLICE OFFICER TYLER ANGELO
SHIELD # 21443 OF THE 75th PRECINCT,
POLICE OFFICER BRANDON GENTZ
SHIELD # 9505 OF THE 75th PRECINCT,
POLICE OFFICER JEANNETTE RODRIGUEZ
SHIELD # 3555 OF THE 75th PRECINCT, and
SERGEANT JAMES McSHERRY
PATROL BOROUGH BROOKLYN NORTH,
                                    Defendants.
------------------------------------------------------X

       Plaintiff SHAMEIK NELSON, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as follows:

       This civil rights action arises from violations of the Plaintiff's Fourth Amendment rights by the use of excessive force, false arrest, malicious prosecution and the denial of a fair trial in

violation of the due process clause of the Fourteenth Amendment by the Defendants, New York City police officers, who at all times relevant were members of the NYPD and state actors acting under color of law.

## JURISDICTION AND VENUE

1. This action is brought pursuant to the existence of a Federal Question.

2. This action arises under 42 U.S.C. §1983 and the Fourth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution.

3. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York, as events forming the basis of the Complaint occurred in this District, subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

## PARTIES

4. At all times relevant plaintiff SHAMEIK NIXON was a resident of the City and State of New York and he identifies as African-American.

5. At all times relevant Defendants Police Officer Nowaiz Rasool Shield # 05482, of the 75 Precinct, Police Officer Oscar Mancilla Shield # 456 of the 75th Precinct Police Officer Alec Solomito Shield # 3561 of the 75th Precinct, Police Officer Phillip Bilmes of the 75th Detective Squad, Police Officer Anthony Waite of the 67th Detective Squad, Police Officer John Plumitallo Shield ##16755 of the 75th Precinct, Police Officer Matthew Salzman Shield # 18666 of the 75th Precinct, Police Officer Vincent Peluso Shield # 6954 Formerly a Police Officer Of the 75th Precinct, Police Officer Tyler Angelo Shield # 21443 of the 75th Precinct, Police Officer Brandon Gentz Shield # #9505 of the 75th Precinct, Police Officer Jeannette Rodriguez Shield #3555 of the 75th Precinct, and Sergeant James McSherry Patrol Borough Brooklyn North were members of the

NYPD and were acting as state actors under color of law while committing the acts alleged herein, and are sued in the officers' capacity as individuals.

### Nature of the Claim

6      Shameik Nixon brings this claim, for the use of excessive force, failure to intervene, false arrest, malicious prosecution and a due process violation via the denial of a fair trial committed by the Defendants all of whom were members of the NYPD.

### FACTS UNDERLYING
### PLAINTIFF'S CLAIMS FOR RELIEF

7      On June 5th, 2020, Plaintiff Nixon was attending a post funeral memorial service near his home in the vicinity of 740 Elderts Lane in Brooklyn, NY with several friends and family members who were mourning their loss.

8      Several members of the NYPD arrived in full riot gear, despite the fact that nothing the mourners were doing resembled a riot.

9      During this period of time, there had been numerous protests over the murder of George Floyd, and the NYPD members who arrived on the scene were generally in foul moods, which they exhibited by being hostile and aggressive towards the mourners.

10     At approximately 8:00 p.m., the Defendants ordered Plaintiff and his fellow mourners to go home in adherence to the temporary citywide curfew.

11     Plaintiff Nixon and his fellow mourners obeyed the instructions and began walking home, in Plaintiff's case, to his nearby residence.

12     On his walk home, Plaintiff was assaulted by those members of the NYPD who had ordered him to go home, without any reason to do so, and other mourners besides the Plaintiff were attacked as well.

13      The NYPD officers, who were wearing riot gear and carrying batons, hit the Plaintiff with a barricade, causing him to fall face forward to the hard ground and they then proceeded to pile on top of him.

14      Multiple knees from an unknown number of officers were placed on Plaintiff's back causing him pain.

15      NYPD officers improperly handcuffed Plaintiff without reason to do so and they did so excessively tightly.

16      Plaintiff immediately and repeatedly informed the NYPD officers that the handcuffs were too tight and hurting him, but the officers ignored Plaintiff's plea and refused to loosen the handcuffs.

17      While loading Plaintiff into a police vehicle, the NYPD officers repeatedly lifted Plaintiff's hands, which were handcuffed, up behind his back maliciously and for no legitimate law enforcement purpose, causing Plaintiff additional injury and great pain.

18      The NYPD officers forced Plaintiff into the police van while they continued to lift his arms up behind him, which prevented Plaintiff from moving to the back of the van, as the officers were ordering him to do, due to the pain.

19      NYPD officers again ignored Plaintiff's complaint of pain and continued to lift his arms forcing him painfully into the back of the van.

20      Plaintiff incurred injuries to his right arm, both wrists, and his back due solely to the Defendants' acts.

21      Plaintiff was brought to the 75th Precinct, where his shoes and socks were unnecessarily removed and his arms were forced to be lifted up behind him again with force while he was rear

handcuffed.

22      Plaintiff was placed in a cell for several hours before the handcuffs were removed.

23      The handcuffs were not removed and Plaintiff's socks and shoes were not returned until Plaintiff was fingerprinted.

24      Plaintiff was then brought to central booking and he was subsequently arraigned for the crimes of Obstructing Governmental Administration in the Second degree (PL 195.05); Resisting Arrest ((PL 205.30); Criminal Possession of a Weapon in the Fourth Degree (265.01(2)); Attempted Assault in the Third degree (PL 110/120.00(1)); Violations (AC 3-108): Disorderly Conduct (PL 240.20(1); and Disorderly Conduct (PL 240.20(6); all of which the Defendants PO Rasool and PO Mancilla, who generated, and caused to be generated the accusatory instrument, knew to be false charges as did the other Defendant officers on the scene.

25      Plaintiff approximates he spent just over 28 hours in custody before being arraigned on the false charges, after which the Court released Plaintiff on his own recognizance.

26      Once Plaintiff got home, he went to Brookdale Hospital for the injuries to his arm, wrists, and back; for which he was prescribed medication.

27      Plaintiff was told to return to Court to answer the false charges on October 9, 2020.

28      On January 21, 2021 on motion of the Kings County District Attorney, all the false charges were dismissed and sealed.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C.§ 1983 AND THE FOURTH AMENDMENT
VIA THE USE OF EXCESSIVE
<u>AND UNREASONABLE FORCE</u>**

29      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

30   Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the Plaintiff was unlawfully subjected to excessive and unreasonable force, by the Defendants.

31   The excessive force Plaintiff was subjected to by the Defendants, includes, but is not limited to, the use of a barricade being pushed into Plaintiff's back, causing him to fall face forward to the ground, by the officers sitting on the Plaintiff and placing their full weight on him with their knees on his back, via the use of handcuffs that were intentionally overly tight, which the Defendants refused to loosen, and by the Defendants intentionally and with malice forcing the Plaintiff's hands to be raised behind his back while handcuffed repeatedly.

32   Plaintiff suffered injuries to both his wrists, his back and his right forearm due to Defendants' acts of gratuitous violence and he was emotionally harmed in being made to fear the abuse by the Defendants would continue and escalate.

33   Plaintiff was treated at Brookdale Hospital for his injuries.

34   By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A SECOND CAUSE OF ACTION ON
BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C.§ 1983 AND THE FOURTH AMENDMENT
VIA THE DEFENDANTS'
FAILURE TO INTERVENE**

35      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

36      Plaintiff's Fourth Amendment rights, made applicable to the states by virtue of the Fourteenth Amendment, have been violated by the Defendants all of whom witnessed the Plaintiff being subjected to excessive force; had an opportunity and a legal obligation to intervene to prevent the use and continued use of gratuitous excessive force; and who failed in their affirmative duty to intervene in not stopping the Plaintiff from being physically abused further.

37      Due to the Defendants' failure to act pursuant to their affirmative duty to intervene, Plaintiff has been damaged physically and emotionally.

38      By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C.§ 1983
<u>VIA FALSE ARREST</u>**

39      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

40      Plaintiff was subjected to a false arrest by the defendants.

41      Mr. Nixon's rights have been violated pursuant to the Fourth Amendment, due to his being falsely arrested by the Defendants.

42      The Plaintiff was confined by Defendants; Defendants intended to confine the Plaintiff; Plaintiff was conscious of his confinement; and the Plaintiff did not consent to the confinement

which was not otherwise privileged.

43  Defendants including PO Rasool and PO Mancilla caused the false arrest of the Plaintiff without probable cause to believe he had committed any of the crimes they alleged in the accusatory instruments they generated used to prosecute Mr. Nixon.

44  Due to the Defendants' falsely arresting Mr. Nixon he lost two days work which cost him approximately $300 and he was placed in custody for approximately 28 hours.

45  As a direct consequence of Defendants' actions, the Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

46  By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C.§ 1983 AND THE FOURTH AMENDMENT
VIA MALICIOUS PROSECUTION**

47  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

48  Plaintiff was subjected to being maliciously prosecuted by the Defendants including by PO Rasool and PO Mancilla who generated criminal paperwork with a dishonest account of Plaintiff's activities causing him to be charged with several crimes.

49  The Defendants, including but not limited to Officers Rasool and Mancilla, caused the

commencement of the criminal proceeding against Plaintiff; the criminal proceedings terminated in Plaintiff's favor; said proceedings were commenced without probable cause; Plaintiff's constitutional rights violated by being arrested and forced to appear in court due to the false charges; and the charges were instituted against the Plaintiff with actual malice.

50   As a direct consequence of Defendants' actions, the Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from being maliciously prosecuted causing him to be forced to appear in court and causing him the emotional distress of fearing having to go to jail for crimes he did not commit.

51   By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C.§ 1983 AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH
AMENDMENT
VIA DENIAL OF A FAIR TRIAL**

52   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

53   Plaintiff was subjected to the violation of his due process rights pursuant to the due process clause of the Fourteeth Amendment via the denial of a fair trial by the Defendants including but not limited to by PO Rasool and PO Mancilla who generated criminal paperwork with a dishonest account of Plaintiff's activities causing him to be charged with several crimes he

did not commit.

54    The Defendants, including Officers Rasool and Mancilla, as investigating officials; fabricated evidence; that was likely to influence a jury's decision; they forwarded that information to prosecutors; and the plaintiff suffered a deprivation of liberty as a result.

55    As a direct consequence of Defendants' actions, the Plaintiff was deprived of his liberty, he was incarcerated, he was forced to appear in court and he incurred emotional distress fearing having to go to jail for crimes he did not commit.

56    By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

## Request for Relief

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered as follows:

(A)    Declaratory relief finding that Plaintiff's rights under the United States Constitution were violated;

(B)    Compensatory damages to be determined at trial in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in amounts to be determined at trial;

(D)    An award to Plaintiff of the costs and disbursements herein;

(E)    An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      October 20, 2022

                                                        /s/
                                       Fred Lichtmacher
                                       The Law Office of Fred Lichmacher P.C.
                                       Attorney for Plaintiff
                                       116 West 23rd Street Suite 500
                                       New York, New York 10011
                                       Tel. No. (646) 318-3806

To:     Morgan Chmiel McKinney
          NYC Law Department
          100 Church Street
          New York, NY 10007
          212-356-2012
          Email: mmckinne@law.nyc.gov
          Representing
          Police Officer Nowaiz Rasool
          Shield # 05482, of the 75 Precinct, and
          Police Officer Oscar Mancilla
          Shield # 456 of the 75th Precinct

To      Police Officer Alec Solomito
          Shield # #3561 of the 75th Precinct,
          Police Officer Phillip Bilmes
          of the 75th Detective Squad,
          Police Officer John Plumitallo
          Shield ##16755 of the 75th Precinct,
          Police Officer Matthew Salzman
          Shield # 18666 of the 75th Precinct,
          Police Officer Vincent Peluso
          Shield # #6954 Formerly a Police Officer
          of the 75th Precinct,
          Police Officer Tyler Angelo
          Shield # 21443 of the 75th Precinct,
          Police Officer Brandon Gentz
          Shield # #9505 of the 75th Precinct,
          Police Officer Jeannette Rodriguez
          Shield # #3555 of the 75th Precinct,
          1000 Sutter Ave, Brooklyn, NY 11208

To:     Police Officer Anthony Waite
         of the 67th Detective Squad
         2820 Snyder Ave
         Brooklyn, NY 11226

To:     Sergeant James McSherry
         Patrol Borough Brooklyn North
         2820 Snyder Ave 3rd floor,
         Brooklyn, NY 11226